In the Matter of the Arbitration between SPERRY GYROSCOPE COMPANY, DIVISION OF THE SPERRY CORPORATION, Appellant, and ENGINEERS' ASSOCIATION et al., Respondents.

*Per Curiam.* The sole relief asked for in appellant's, employer's, petition is for an order staying arbitration demanded by respondents, representing employees.

The dispute sought to be arbitrated relates to appellant's discharge of an employee, one Joseph Tolciss, engaged in a project classified as confidential by the armed forces of the United States.

Since decision by the learned Special Term denying the employer's petition permanently to stay the arbitration, the Department of Defense of the United States has formally notified the employer that access by this employee to work and information classified as secret and confidential "would be inimical to the best interests of the United States for security reasons" and the Army-Navy-Air Force Personnel Security Board directed that consent for the specified employee's employment in such classified work should "be denied". On argument before this court, by stipulation, the authenticity of the letter from the Department of Defense dated October 5, 1951, notifying the employer as above indicated, was conceded and the letter was added to the record.

In the light of the facts thus presented, it is clear that the employer's petition to stay the arbitration should be granted since on the facts now disclosed concerning employment of this particular employee in work classified

as confidential there is nothing further to arbitrate. The guided missile project on which this employee was working concededly was classified by the armed forces as confidential; for the security of the United States this employee never should have access to such confidential and secret information, his discharge was justified and under the terms of the contract is not arbitrable.

The court will not decide academic questions or attempt to interpret the meaning of the contract apart from a specific and existing state of facts to which such meaning is to be applied. The state of facts presented at Special Term no longer exists.

In the light of the facts presented at the time this case was argued and submitted, the order appealed from denying the stay of arbitration should be reversed, with $20 costs and disbursements to petitioner-appellant, and a permanent stay granted.

Settle order.

Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and motion for stay granted. Settle order on notice.